## Kanes v. Mutual Benefit Health & Accident Assn. of Omaha

*Smith, Cahall & Aker*, for plaintiff.

*O'Donnell, Weiss, Quinlan & Mattei*, for defendant.

FORREST, J., April 14, 1959.—Defendants have filed a paper entitled "Preliminary Objections" to a complaint in assumpsit in which plaintiff seeks to enforce the provisions of accident and sickness policies. The objections are that the court is without proper venue under Pa. R. C. P. 2179 and that service was not made in conformity with Pa. R. C. P. 2179(*b*) and 2180 relating to venue and service of process upon corporations.

The complaint contains an allegation that plaintiff resides in Philadelphia, that defendants are foreign insurance corporations authorized to transact business in this Commonwealth and that they have offices at 21 Curren Arcade, Norristown, Montgomery County. The Sheriff of Montgomery County deputized the Sheriff of Philadelphia County to make service of the complaint, and the Sheriff of Philadelphia County did serve defendant company at its office in Philadelphia.

Defendant contends that since plaintiff resides outside of this county, the action has not been brought in the proper court. However, that is not the correct test of venue. Pa. R. C. P. 2179(*b*) provides: "An action upon a policy of insurance against an insurance company . . . doing business in this Commonwealth, may be brought (1) in a county designated in subdivision (a) of this rule . . ." Pa. R. C. P. 2179(*a*) provides that a personal action against a corporation may be

brought in "(b) a county where it regularly conducts business."

If defendants intended to raise a question of venue, they should have denied that they regularly conduct business in this county, and they should have done so by "a petition raising a question of jurisdiction." See Pa. R. C. P. 1017(b) (1). Then, if plaintiff had filed a responsive answer to the petition, an issue might have been raised and the parties might have taken and furnished depositions in support of their contentions. Defendants did not file a petition, and as a consequence plaintiff was not required to file an answer, and no issue was raised. Therefore it must be deemed admitted that defendants do regularly conduct business in this county.

Pa. R. C. P. 2179 provides for venue in the county where plaintiff resides, in actions upon policies of life, accident, health, disability and live stock insurance or in the county designated in subdivision (a) of the rule. Venue is provided for in the alternative, not in the conjunctive. Plaintiff has complied with the rules.

Secondly, defendants contend that they were not properly served with process in accordance with the provisions of Pa. R. C. P. 2180. This rule provides that: "(a) Service of process within the county in which the action is instituted shall be made upon a corporation" by specified means. However, subsection (b) of this rule states: "The plaintiff shall have the right of service in any other county by having the sheriff of the county wherein the action was instituted deputize the sheriff of any other county wherein service may be had." In this case the sheriff made service in compliance with subsection (b). Therefore, the complaint was properly served upon defendants.

And now, April 14, 1959, the preliminary objections are overruled. Defendants are allowed 20 days from this date within which to answer on the merits.